UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WERDLOW,

        Plaintiff,                      CIVIL ACTION NO. 09-11009

vs.

                                        DISTRICT JUDGE VICTORIA A. ROBERTS

PATRICIA CARUSO, DEBORAH   MAGISTRATE JUDGE MONA K. MAJZOUB
BEEKER and ELIZABETH
LEVINE,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** The Amended Motion to Dismiss, or Alternatively, Motion for Summary Judgment filed by Defendant Caruso (docket no. 12) should be **GRANTED** and Defendant Caruso should be dismissed from this action.

**II.** **REPORT:**

This is a *pro se* civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Defendant Caruso filed this Amended Motion to Dismiss or, in the Alternative, for Summary Judgment on June 30, 2009. (Docket no. 12). The Plaintiff filed a Response on August 19, 2009 which the Court will consider timely. (Docket no. 14). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 20). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

    **A. Facts**

Plaintiff, a prisoner presently confined at Boyer Road Correctional Facility, filed this *pro se*

action pursuant to 42 U.S.C. § 1983 alleging that Defendants had been deliberately indifferent to his serious medical needs while he was incarcerated at Saginaw Regional Correctional Facility ("SRF") in Freeland, Michigan. Defendants Beeker and Levine are registered nurses who were employed at SRF at the time of the incident. (Docket no. 1). Defendant Caruso is the Director of the MDOC. (Docket no. 1). Plaintiff seeks monetary damages and sues the Defendants in their individual and official capacities. (Docket no. 1).

Plaintiff's Verified Complaint states that on or around October 10, 2006 he experienced severe upper respiratory chest pain and submitted a request for health care services. He was medically evaluated on October 13, 2006 and was told that his vital signs revealed no obvious or abnormal findings. (Docket no. 1). On or around October 15, 2006 he again experienced chest pain and difficulty breathing and was evaluated by Defendants Beeker and Levine. (Docket no. 1). Plaintiff states in his Verified Complaint that "[o]n no less than five separate occasions, both nurses used stethoscopes and other medical devices," and each time told Plaintiff that his vital signs revealed no abnormal readings, he should return to the housing unit, lie down, and take some generic Tylenol, which they supplied. (Docket no. 1). Plaintiff informed Defendants Beeker and Levine that lying down exacerbated the problem. When he requested to see a doctor he was told that there was no doctor on duty on the weekends and he would be placed on call-out to see the doctor Monday morning. (Docket no. 1). On the morning of October 16, 2006 Plaintiff was examined by the doctor and was immediately transferred to the local hospital where it was discovered that he had a collapsed lung. Plaintiff underwent two surgical procedures to remove fluids from the internal walls of his lung and chest cavity. (Docket no. 1).

Plaintiff filed a grievance on or around January 17, 2007 against the Defendant nurses and

appealed the grievance through the MDOC's three-step process. (Docket no. 14). Defendant Caruso was not named in the grievance process. Plaintiff's Verified Complaint was filed on March 18, 2009. (Docket no. 1). Defendant Caruso is named as a Defendant in the Verified Complaint but is not otherwise mentioned in the Complaint.

In the instant motion, Defendant Caruso moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, moves for summary judgment pursuant to Rule 56(b) on the basis that Plaintiff's claims are barred by qualified immunity, sovereign immunity, and by the Prison Litigation Reform Act's exhaustion requirement. (Docket no. 12). Plaintiff objects to the Defendant's Motion, arguing that the Defendant nurses' actions in taking Plaintiff's vitals, using stethoscopes and other medical devices, telling him there were no abnormal readings, then telling him to return to his unit, take Tylenol, and lie down on no less than five separate occasions constitutes a custom practiced by the Defendant nurses under Defendant Caruso. (Docket no. 14).

### B. Standard

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b) and allow for dismissal for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint and authorizes dismissal if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). When deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine whether the plaintiff can prove a set of facts to support his claim for relief. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir. 2001). A complaint containing a statement of facts that merely creates a suspicion of a legally

cognizable claim can not survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citation omitted).

Summary Judgment is appropriate under Federal Rule of Civil Procedure 56(c) where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.  Analysis**

1.  Sovereign Immunity

Plaintiff asserts claims against Defendant Caruso in both her individual and official capacity. To the extent Plaintiff sues Defendant Caruso for money damages, his official capacity claims are barred by the Eleventh Amendment. "Individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003). The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Furthermore Congress has not abrogated

state sovereign immunity in civil rights actions. *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

Plaintiff can avoid the sovereign immunity bar by suing for injunctive or declaratory relief rather than monetary damages. *Johnson v. Unknown Dellatifa*, 357 F.3d at 545 n.1; *Mitchell v. Michigan Dept. of Corrections*, No. 05-cv-728, 2006 WL 250697, at *2 (W.D. Mich. Feb. 1, 2006) (permitting official capacity suit to proceed against the Director of MDOC where the plaintiff sought injunctive and declaratory relief). Plaintiff alleges in his Response to Defendant's Motion to Dismiss that the manner in which the Defendant nurses treated his medical condition constitutes a custom practiced by the Defendant nurses under Defendant Caruso. (Docket no. 14). Plaintiff's Verified Complaint demanded trial by jury and compensation for mental anguish, suffering, and pain and "any other relief" that the Court may deem necessary and proper. (Docket no. 1). Given the liberal construction afforded a *pro se* prisoner's pleadings, the Court will construe Plaintiff's request for relief as a request for monetary and injunctive relief.

To prevail on a claim for injunctive relief in federal court the movant must show that (1) there is a strong likelihood of success on the merits; (2) he will suffer irreparable injury without the injunction; (3) the issuance of the injunction will not cause substantial harm to others; and (4) the public interest will be served by issuance of the injunction. *N.A.A.C.P. v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989). When Plaintiff executed his Complaint he had already been transferred from SRF to Boyer Road Correctional Facility. Any claim for prospective injunctive relief would therefore pertain to Boyer Road Correctional Facility. Plaintiff does not allege in his pleadings that he is at risk of irreparable harm from any policy or practice implemented at Boyer Road Correctional Facility. The only policy or custom Plaintiff refers to in his pleadings relates to the alleged policy implemented by the Defendant nurses at SRF. Plaintiff has failed to state an

official capacity claim against Defendant Caruso for prospective injunctive relief. Accordingly, Plaintiff's official capacity claims against Defendant Caruso for violations of § 1983 should be dismissed.

      2. Qualified Immunity

Government officials performing discretionary acts enjoy qualified immunity from suit under § 1983 for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A two-step analysis guides the court in its determination. First, the Court must determine whether the Plaintiff's factual allegations show that the defendant violated a constitutional right. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009) (citation omitted). Second, the court must determine whether the right at issue was clearly established at the time of the defendant's alleged misconduct. *Id*; *Swiecicki v. Delgado*, 463 F.3d 489, 497-98 (6th Cir. 2006) (the test may be expanded to a three-step approach if doing so will clarify the analysis). Although it is no longer necessary to determine the constitutional issue before considering whether the right was "clearly established," the inquiry still generally proceeds along these lines. *Pearson v. Callahan,* 129 S. Ct. at 818-22 (2009); *Drogosch v. Metcalf,* 557 F.3d 372, 377-78 (6th Cir. 2009).

To establish liability under 42 U.S.C. § 1983, the Plaintiff must allege that a right secured by the Constitution or a federal law was violated by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff alleges that his Eighth Amendment right was violated by the Defendants' deliberate indifference to his serious medical needs. Deliberate indifference occurs when an official "knows of and consciously disregards an excessive risk to inmate health and safety; the official must be aware of facts and he must draw the inference." *Farmer v. Brennan*, 511

U.S. 825, 837 (1994).

Individuals sued in their personal capacities are not liable under § 1983 for deliberate indifference absent a showing that they knew of and disregarded an excessive risk of harm to the prisoner. *Id.* Furthermore, § 1983 liability may not be predicated upon respondeat superior or supervisory liability unless the supervisor personally engaged in or otherwise "authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (liability of supervisory personnel must be based on more than the mere right to control employees). For that reason, § 1983 liability cannot be based upon a supervisor's mere failure to act. *Id*.

Plaintiff does not state in his pleadings that Defendant Caruso was personally involved in, authorized, or knowingly acquiesced in the alleged unconstitutional activity of the Defendant nurses. Indeed, Plaintiff fails to state in his pleadings that Defendant Caruso had any awareness whatsoever of the Plaintiff's medical condition or of the treatment he received from the Defendant nurses. Additionally, Plaintiff did not state that Defendant Caruso had personal knowledge of an unconstitutional policy or custom being utilized by the Defendant nurses at SRF. Plaintiff's allegations against Defendant Caruso are based upon her failure to act and upon the alleged unconstitutional activity of the Defendant nurses. Accordingly, Plaintiff has failed to state a cognizable individual capacity claim against Defendant Caruso for violation of § 1983.

3. Exhaustion under the Prison Litigation Reform Act (PLRA)

The PLRA requires exhaustion of available administrative remedies before a prisoner may file suit in federal court under 42 U.S.C. § 1983. Exhaustion of administrative remedies is mandatory and applies to suits with respect to prison conditions regardless of the type of relief

sought. *Booth v. Churner,* 532 U.S. 731, 739 (2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Pursuant to MDOC Policy Directive 03.02.130, effective July 9, 2007, a prisoner is required to name all individuals involved in the issue being grieved. (Docket no. 12-4).

Since exhaustion is an affirmative defense Plaintiff is not required to plead exhaustion in his Complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, failure to exhaust administrative remedies is not a proper ground for dismissal under Rule 12(b)(6). However, failure to exhaust does provide sufficient basis for dismissal under Rule 56(c). Both Plaintiff and Defendant Caruso filed copies of the Plaintiff's grievance with the Court in relation to the instant Motion. (Docket nos. 12, 14). The grievance shows that Defendant Caruso was not named at any stage in the MDOC's three-step grievance process. The Plaintiff has not shown that he properly exhausted his claims against Defendant Caruso. Therefore, his claims against Defendant Caruso should be dismissed as a matter of law.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 16, 2009     s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon James Werdlow and Counsel of Record on this date.

Dated: November 16, 2009     s/ Lisa C. Bartlett
                             Case Manger