UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WERDLOW,

    Plaintiff,

vs                                            Case No: 09-11009
                                                 Honorable Victoria A. Roberts

PATRICIA CARUSO,

    Defendants.
_____/

## ORDER

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On March 18, 2009, James Werdlow filed a 42 U.S.C. §1983 Complaint against Patricia Caruso, Elizabeth Levine, and Deborah Beeker (collectively, "Defendants"). Werdlow alleges Defendants were deliberately indifferent to his serious medical needs.

Caruso is the Director of the Michigan Department of Corrections ("MDOC"); Levine and Beeker are Registered Nurses at the Saginaw Correctional Facility ("SCF") where Werdlow was housed. Werdlow sued Defendants in their personal and official capacities for monetary damages and injunctive relief.

On June 30, 2009, Caruso filed a "Motion for Dismissal Pursuant to FR Civ P 12(b)(6), or Alternatively, Motion for Summary Judgment Based on Lack of Exhaustion and Failure to State a Claim Upon Which Relief Can be Granted." (Doc. #12). This motion was referred to Magistrate Judge Mona K. Majzoub for a Report and Recommendation ("R&R").

1

The Magistrate Judge filed an R&R on November 16, 2009. (Doc. #15). She recommends the Court GRANT Caruso's motion for four reasons: (1) Werdlow's request for monetary damages against Caruso in her official capacity is barred by the Eleventh Amendment; (2) Werdlow's request for injunctive relief is moot; (3) Caruso was not personally involved in Levine and Beeker's alleged unconstitutional activity, did not knowingly acquiesce in the alleged unconstitutional activity, and there is no allegation that Caruso had personal knowledge of an unconstitutional policy or custom being used by Levine and Beeker; and (4) Werdlow did not properly exhaust his claims against Caruso.

Werdlow objects. He says Caruso: (1) cannot claim sovereign immunity because the MDOC accepts federal funding; (2) is not entitled to qualified immunity; and (3) does not have to be named at any stage of the grievance procedure.

Because Werdlow concedes that his request for injunctive relief is moot, the Court only addresses Werdlow's request for monetary damages against Caruso in her personal and official capacities.

## II.    APPLICABLE LAW AND ANALYSIS

### A.    Personal Capacity

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hayes v. Jefferson County*, 668 F.2d 869, 872-74 (6th Cir. 1982)).

Werdlow only alleges it was Levine and Beeker who denied him medical attention. His Complaint says:

(1) "The duty nurses on the weekend of 10/15/06, were: Elizabeth Levine, (RN) and Deborah Beeker, (RN)."

(2) "On no less than (5) separate occasions, both nurses, used stethoscopes and other medical devices; and each time I was told, 'that my vital signs revealed no abnormal readings.' 'And that I should return back to the housing unit, lie down, and take some generic Tylenol; (which they supplied)."

(3) "When I told them, 'that lying down only exacerbates the problem, and that I need to see a doctor.' I was told, 'that there was no doctor on duty on the weekends, and that I would be placed on call-out to see the doctor Monday morning."

Because there are no allegations or facts that Caruso encouraged, participated in, authorized, approved, acquiesced, or even knew about Levine and Beeker's alleged misconduct or "custom," Caruso's motion to dismiss Werdlow's request for monetary damages against her in her personal capacity is granted.

### B. Official Capacity

"A suit against a state official in . . . her official capacity is . . . a suit against the official's office": in this case, the Michigan Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Werdlow cannot sue a state agency or any of its employees in their official capacities for monetary damages, *See Tucker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (citations omitted), the Court dismisses Werdlow's request for monetary damages against Caruso in her official capacity.

### III. CONCLUSION

The Court **ADOPTS** the Magistrate Judge's R&R, **GRANTS** Caruso's motion to

3

dismiss, and **DISMISSES** Werdlow's Complaint against Caruso.

Neither Levine nor Beeker were served. On December 8, 2009, the Court ordered the Administrator of SCF to provide the Court with their most current addresses for the service of process on them.

**IT IS ORDERED.**

                                            s/Victoria A. Roberts  
                                            Victoria A. Roberts  
                                            United States District Judge

Dated: December 14, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and James Werdlow by electronic means or U.S. Mail on December 14, 2009.

s/Linda Vertriest  
Deputy Clerk

---