UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WERDLOW,

    Plaintiff,

vs                                                    Case No: 09-11009
                                                        Honorable Victoria A. Roberts

PATRICIA CARUSO, ET AL,

    Defendants.
_____/

**OPINION AND ORDER DENYING
AMENDED MOTION FOR REHEARING**

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

On March 18, 2009, James Werdlow filed a 42 U.S.C. §1983 Complaint against Patricia Caruso (the Director of the Michigan Department of Corrections ("MDOC")), Elizabeth Levine, and Deborah Beeker (collectively, "Defendants"). Werdlow alleges Defendants were deliberately indifferent to his serious medical needs.

On November 16, 2009, the Magistrate Judge recommended the Court dismiss Werdlow's claims against Caruso. The Court adopted the recommendation.

Before the Court is Werdlow's Amended Motion for Rehearing or Reconsideration. (Doc. #23). Werdlow says Caruso is liable in her personal capacity for monetary damages; Caruso either failed to train Levine and Beeker, or was grossly negligent or reckless in her training.

Werdlow relies on 42 U.S.C. §2000d-7(a)(1) to support his position that Caruso is liable in her official capacity for monetary damages.

1

## II. STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(g)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

## III. APPLICABLE LAW AND ANALYSIS

### A. Personal Capacity

[A] supervisory official's failure to . . . train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Werdlow's Complaint does not allege any facts that show Caruso authorized, approved, or knowingly acquiesced in the inadequate medical treatment he claims Levine and Beeker provided. Indeed, Caruso is merely named as a Defendant; there are no facts that Caruso even knew about Levine and Beeker's alleged unconstitutional behavior.

Caruso is not liable under a theory of supervisory liability.

### B. Official Capacity

"[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). The Eleventh Amendment bars civil rights actions against the State and its departments, unless the State waived its immunity and consented to suit. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citations omitted).

Werdlow says 42 U.S.C. §2000d-7(a)(1) abrogates a State's sovereign immunity under the Eleventh Amendment for civil rights claims:

> A state shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. § 794], title IX of the Education Amendments of 1972 [20 U.S.C. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Contrary to Werdlow's belief, 42 U.S.C. §1983 is not a Federal statute prohibiting discrimination by recipients of Federal financial assistance:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

More importantly, the State of Michigan has not consented to suit in civil rights actions in federal courts. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

3

### IV. CONCLUSION

The Court **DENIES** Werdlow's motion. Werdlow's claims against Caruso are **DISMISSED**. His claims against Levine and Beeker will proceed to trial.

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: January 13, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record and James Werdlow by electronic means or U.S. Mail on January 13, 2010.

s/Linda Vertriest  
Deputy Clerk

---