UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES WERDLOW # 186514,**

        Plaintiff,        **CASE NUMBER: 09-11009**
                                **HONORABLE VICTORIA A. ROBERTS**

v.

**PATRICIA CARUSO,** *et al.***,**

        Defendants.
                                                  /

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.    BACKGROUND**

On March 18, 2009, Plaintiff James Werdlow filed a 42 U.S.C. § 1983 Complaint against Patricia Caruso (the Director of the Michigan Department of Corrections ("MDOC")), and nurses Elizabth Levine and Deborah Beeker. On December 14, 2009, the Court adopted the Report and Recommendation of Majistrate judge Mona K. Majzoub and dismissed Werdlow's Complaint against Caruso. On December 8, 2010, the Court granted summary judgment to Defendants Levine and Beeker. The Court noted that Plaintiff conceded Defendants were entitled to sovereign immunity in their official capacities and held that they were entitled to qualified immunity in their personal capacities.

This matter is before the Court on Werdlow's Motion for Rehearing or Reconsideration of the Court's December 8, 2010 Order granting summary judgement to Defendants.

Werdlow's motion is **DENIED.**

1

## II.     STANDARD OF REVIEW

Courts generally will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3).  "The Court will grant a motion for reconsideration if the moving party shows: (1) a 'palpable defect,' (2) that misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case."  *Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D.Mich. 2003) (citing E.D. Mich. L.R. 7.1(g)(3)).  A palpable defect is an error "which is obvious, clear, unmistakable, manifest, or plain."  *Id.*

## III.    ANALYSIS

In his motion, Werdlow: (1) advances old arguments that were presented to the court in response to Defendants' motions for reconsideration and (2) presents novel arguments based on "relevant existing case law he has recently discovered." (Doc. # 52; Motion for Rehearing or Reconsideration at 1).  A motion for reconsideration, however, is not the proper vehicle to do either.  *Wesco Distrib., Inc. v. Hartford Fire Ins. Co.*, No. 09-13014, 2010 WL 4822897, at *1 ("A motion for reconsideratoin [ ] 'is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not.'") (quoting *Smith*, 298 F.Supp.2d at 637).

Werdlow continues to argue Defendants executed a MDOC "custom" by characterizing his medical complaints as "vague" and writing "derogatory" information in his patient file. (Doc. # 52; Motion for Rehearing or Reconsideration).  He now says their notations are acts in furtherance of the custom of discouraging the administration of necessary life saving health care.  (*Id.* at 3-4).  He says that he erred by conceding

2

Defendants are entitled to sovereign immunity and makes a number of new arguments and cites cases that he failed to cite in other pleadings. (*Id.* at 1) These new arguments are improper in a motion for reconsideration. *Id.*; *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D.Ohio 2008) ("Courts should not reconsider prior decisions where the motion for reconsideration...proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue.").

Moreover, The Court has addressed variations of these arguments at various phases of the proceedings. In her Report and Recommendation on former Defendant Caruso's motion for dismissal or summary judgment, Magistrate Judge Majzoub held that Plaintiff was not entitled to injunctive relief arising from Caruso's conduct in her official capacity. (Doc. #15; Report and Recommendation). Plaintiff alleged he was entitled to relief because the manner in which Beeker and Levine treated his medical condition constituted a custom practiced by the nurses under Caruso. The magistrate held because Defendant was transferred from Saginaw Regional Facility ("SRF") to Boyer Road Correctional Facility, his claim was moot. (*Id.* at 5). She said:

> Any claim for prospective injunctive relief would therefore pertain to Boyer Road Correctional Facility. Plaintiff does not allege in his pleadings that he is at risk of irreparable harm from any policy or practice implemented at Boyer Road Correctional Facility. The only policy or custom Plaintiff refers to in his pleadings relates to the alleged policy implemented by the Defendant nurses at SRF.

(*Id.*) Although the magistrate decided the matter in relation to Caruso's motion, the same reasoning would apply to Werdlow's official capacity suit against Beeker and Levine. In adopting the magistrate's recommendation, the Court noted that Plaintiff

3

conceded that his claim for injunctive relief was moot in light of his move from SRF to Boyer Road Correctional Facility.  (Doc. # 19; Order at 2)

Then, in Werdlow's Supplemental Brief in response to Beeker's motion for summary judgment, Plaintiff again argued that Defendants' conduct constituted a "custom" proscribed by the Eighth Amendment.  (Doc. #48; Supplemental Pleading at 4, ¶ 17).  The Court noted that Werdlow did not identify a formal policy or custom and that, for purposes of establishing official capacity liability, "[w]here there is no identification of a formal policy or custom, approved by the appropriate decisionmaker, a plaintiff must present sufficient evidence that the defendant implemented a custom that is 'so permanent and well settled as to constitute a custom or usage with the force of law' to establish liability as a result of a custom that caused a constitutional deprivation."  (Doc. # 50; Order at 16 (citing *Doe v. Claiborne Cty., Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996)).

Werdlow did not do so.  Instead, he presented evidence that Beeker used the term "vague" on only one Patient Report.  He also identified notations in his patient files which he characterized as "derogatory."  The Court found that the information contained in Werdlow's medical files was not, in fact, derogatory, and instead evidenced Defendants' lack of awareness of the severity of Plaintiff's medical condition.  The nurses simply noted Werdlow's behavior and symptoms.  This is not sufficient evidence of a permanent and well-settled custom, with the force of law, of discouraging the administration of needed medical treatment.  *See Doe*, 103 F.3d at 509 (A plaintiff must advance sufficient evidence to create a genuine issue of material fact as to the existence of a custom or policy before the question of "deliberate indifference" can

reach the jury). Thus, Werdlow could not make the requisite showing that Defendants "knowingly [executed] a policy of minimizing medical care and withholding necessary care," to establish official liability based on execution of a policy or widespread custom. *Young v. Martin*, No. 02-1036, 51 Fed.Appx. 509, 2002 WL 31379888, at * 5 (6th Cir. 2002). To the extent Werdlow presents new evidence and case law, that was available to him when the Court considered Defendants' motions for summary judgment, of a custom or policy of MDOC to downplay and inadequately address the medical needs of prisoners at various institutions, the Court will not grant his motion based on these arguments, raised for the first time on a request for rehearing.

Even if Werdlow's claims were enough to establish execution of a custom for purposes of personal liability rather than official liability, Werdlow would still need to overcome Defendants' qualified immunity defense. As the Court found, even if Defendants' conduct could be viewed as executing a custom which led to the deprivation of a constitutional right, it was not clearly established that this conduct was unlawful in the situation they confronted. *See Brousseau v. Haugen*, 543 U.S. 194, 199 (2004).

### IV.   CONCLUSION

Having examined the arguments and case law included in Werdlow's motion, the Court concludes Werdlow fails to establish a palpable defect, the correction of which will result in a different disposition of the case. His motion for reconsideration is **DENIED.**

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 7, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and James Werdlow by electronic means or U.S. Mail on January 7, 2011.
>
> s/Linda Vertriest
> Deputy Clerk